UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN FLORES and JUAN LUNA-DIAZ,　　　　　　　Case No. 12-Civ-5581
Individually and on Behalf of All Other Past and　　　　　(DLI)RLM
Present Similarly Situated Employees,

　　　　　　　　Plaintiff(s),

　　　　-vs.-　　　　　　　　　　　　　　　　　　　　**FIRST AMENDED**
　　　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　　　　　　**(CLASS ACTION)**
518 METROPOLITAN AVE. CORP. d/b/a KELLOGG'S
DINNER, JOHN A. FIOTODIMITRAKIS,
ANTHONY F. FIOTODIMITRAKIS, FRANK A.
FIOTOS,
　　　　　　　　Defendant(s).
-----------------------------------------------------------------X

　　　Plaintiffs JUAN FLORES and JUAN LUNA-DIAZ by and through their attorneys,

The Law Offices of William Cafaro, on behalf of themselves and all other similarly situated

past and present employees, alleges as follows:


### *PRELIMINARY STATEMENT*

　　　1.　　This action is being brought pursuant to the Fair Labor Standards Act

("FLSA") to recover back wages for minimum wage and overtime and pursuant to the New

York State Labor Law ("NYLL") to recover back wages for minimum wage and overtime

and spread of hours violations on behalf of the above captioned Plaintiff's and their similarly

situated co-workers who currently work or have worked for the Defendants 518

METROPOLITAN AVE. CORP. d/b/a KELLOGG'S DINNER (hereinafter "Kellogg's")

and/or its principals JOHN A. FIOTODIMITRAKIS (hereinafter "John"), ANTHONY F.

FIOTODIMITRAKIS (hereinafter "Anthony"), FRANK A. FIOTOS (hereinafter "Frank").

2. Upon information and belief, the Defendant Kellogg's operates a diner under the business name and style "Kellogg's Diner", which is owned and closely managed by the Defendants John, Anthony and Frank. The named Plaintiffs and other similarly situated employees, grill men, assistant cooks, dishwashers and busboys regularly worked 12 hour shifts for which they were not appropriately compensated. The Defendants profited by instituting an abusive wage practice wherein they uniformly failed to properly compensate the Plaintiffs and their similarly situated employees at minimum wage and/or at the required rate for overtime work performed, as well as for their spread of hours.

## ***THE PARTIES***

3. The Plaintiff JUAN FLORES (hereinafter "Flores") is an individual residing in the Bronx, New York.

4. The Plaintiff JUAN LUNA-DIAZ (hereinafter "Luna-Diaz") is and individual residing in the Bronx, New York.

5. The Defendant Kellogg's was and is a domestic business corporation, having its principal place of business at 514 Metropolitan Ave., Brooklyn, New York 11211.

6. Upon information and belief, Kellogg's is a closely held corporation that operates a diner under the name and style "Kellogg's Diner".

7. Upon information and belief, the Defendant John is an individual whose business address is 514 Metropolitan Ave., Brooklyn, New York 11211.

8. Upon information and belief, and at all times herein pertinent, the Defendant John served as a principal, officer, and/or manager of the Defendant Kellogg's.

9. Upon information and belief, the Defendant Anthony is an individual whose business address is 514 Metropolitan Ave., Brooklyn, New York 11211.

10. Upon information and belief, and at all times herein pertinent, the Defendant Anthony served as a principal, officer, and/or manager of the Defendant Kellogg's

11. Upon information and belief, the Defendant Frank is an individual whose business address is 514 Metropolitan Ave., Brooklyn, New York 11211.

12. Upon information and belief, and at all times herein pertinent, the Defendant Frank served as a principal, officer, and/or manager of the Defendant Kellogg's.

13. Upon information and belief, and at all times herein pertinent, the Defendants John, Anthony and Frank exercised close control over the managerial operations of Kellogg's, including the policies and practices concerning employees.

14. At all times herein pertinent, the Defendants John, Anthony and Frank controlled the terms and conditions of employment, supervised employees, made decisions as

3

to hiring and firing, and determined the rate and manner of the payment of wages with respect to the Plaintiffs and those similarly situated.

15.   At all times herein pertinent, Defendants were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

16.   At all times hereinafter pertinent, the Defendant Kellogg's was involved in an industry engaged in commerce.

17.   Upon information and belief, for the calendar year 2009, the gross receipts of Kellogg's were not less than $500,000.

18.   Upon information and belief, for the calendar year 2010, the gross receipts of Kellogg's were not less than $500,000.

19.   Upon information and belief, for the calendar year 2011, the gross receipts of Kellogg's were not less than $500,000.

20.   Upon information and belief, for the calendar year 2012, the gross receipts of Kellogg's were not less than $500,000.

21.   At all times herein pertinent, the Defendants John, Anthony and Frank acted as the employers of the Plaintiffs and those similarly situated within the purview of the FLSA and the NYLL.

## *JURISDICTION AND VENUE*

22. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and Plaintiffs rely upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the State law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2. Additionally, this Court has the authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

23. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *COLLECTIVE ACTION ALLEGATIONS*

24. Plaintiffs bring the First and Second Causes of Action pursuant to the FLSA, on behalf of themselves and all similarly situated past and present employees, who worked as grill men, assistant cooks, dishwashers and/or busboys for the Defendants who elect to opt into this Collective Action.

25. The Defendants named herein are liable under the FLSA for failing to compensate the Plaintiffs and those similarly situated in accordance with Federal minimum wage and overtime guidelines. Upon information and belief, there are many similarly situated

current and former employees of the Defendants who are owed back wages pursuant to the FLSA for minimum wage and overtime violations that would benefit from the issuance of Court ordered and supervised notice of the instant action, permitting them to join this lawsuit. Those similarly situated employees are known to the Defendants, are otherwise identifiable, and can, upon information and belief, be located through the Defendants' records. This Court, in its discretion, can order the appropriate form of notice pursuant to 29 U.S.C. § 216(b).

## *NEW YORK CLASS ACTION ALLEGATIONS*

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiffs herein bring the Third, Fourth and Fifth Causes of Action under the NYLL on behalf of themselves and a class similarly situated; namely:

> All persons employed at Kellogg's Diner located at 514 Metropolitan Avenue, Brooklyn, New York 11211 who worked as grill men, assistant cooks, dishwashers and/or busboys between the period of November 9, 2006 and the date of final judgment in this Class Action.

27. Excluded from the aforementioned Class are the Defendants, their legal representatives, heirs, officers, assigns and successors, or any individuals who at anytime during the class period had a controlling interest in the Defendant Kellogg's, or who acted as bona fide supervisors.

28. Upon information and belief, the members of this class will exceed 100 people, making joinder impracticable. The precise number of members is not known at this point because such knowledge is exclusively available to the Defendants.

29. There are common questions of law and fact that exist as to the Class that predominate over any questions affecting class members individually which include, but are not limited to:

    i) whether the Defendants engaged in a pattern and practice of failing to pay the Class Members the minimum wage and overtime wages at a premium rate in violation of the NYLL?

    ii) whether the Defendants engaged in a pattern and practice of failing to pay Class Members for spread of hours pay in violation of the NYLL?

    iii) whether the Defendants failed to comply with the posting requirements with respect to wages in violation of the NYLL?

    iv) whether in accordance with the requirements of the NYLL the Defendants kept adequate records with respect to wages they paid to their employees?

    v) whether the records kept by the Defendants were wilfully falsified?

    vi) whether in accordance with the requirements of the NYLL the Defendants furnished the Plaintiffs and those similarly situated with statements of wages that were compliant with the law?

30. The typicality requirement is met insofar as the claims of the named Plaintiffs are typical of the claims of the New York Class they seek to represent. The statutory and regulatory protections afforded by the NYLL asserted herein are applicable to and protective of the named Plaintiffs and Class Members. The named Plaintiffs, as well as the Class Members, have all been injured as a result of Defendants' policy and practice of violating such provisions.

31. Plaintiffs will fairly and adequately represent and protect the interest of all Class Members. The named Plaintiffs claims are typical of the claims belonging to all Class Members, and there is no conflict between the Plaintiffs and the Class Members. Additionally, the named Plaintiffs have retained competent counsel experienced in complex litigation.

32. With notions of fairness and efficiency in mind, a class action is the superior method of adjudicating this litigation. The named Plaintiffs and their Class Members are and were victims of the same policy and practice, instituted by the same Defendants, which violated the same wage provisions of the NYLL. The individual damages sustained by Class Members are small in comparison to the cost likely to be incurred in prosecuting this litigation making a unitary action more efficient. Upon information and belief, many of the individual Class Members do not have the financial resources to adequately prosecute this claim, and absent a class action they would not have any redress. Furthermore, unitary litigation will insure a consistent verdict and otherwise obviate the need for duplicative litigation.

33. In accordance with the Federal Rules of Civil Procedure 23(b)(3) this action can be maintained as a class action.

## *NAMED PLAINTIFF FLORES' ALLEGATIONS*

34. Plaintiff Flores was hired by the Defendants in or about 2004 and worked for them until November 24, 2012. During the course of his employment this Plaintiff, like the

members of the proposed class, worked as a grill man, a dishwasher, and also did food preparation, assisted the cooks, and did general cleaning tasks.

35. Plaintiff Flores' duties did not entail the exercise of independent judgment or discretion.

36. At all times herein pertinent, Flores worked at Kellogg's located at 514 Metropolitan Avenue,, Brooklyn, New York 11211. From 2006 until sometime in mid-2008 he worked Wednesdays through Sundays, inclusive, from 6 AM through 6 PM, and was paid $10.00 per hour in cash. The diner then closed for several months for renovation. After the diner re-opened, on each pay day the Defendants gave Flores a check to endorse, after which the check was taken back by the Defendants. He was then paid in cash at the agreed upon straight time rate. From 2009 into 2010, Plaintiff Flores worked the same hours at a pay rate of $11.00 per hour; from 2010 until early 2012, plaintiff worked from 6 AM through 6 PM on Fridays through Tuesdays, inclusive, at a pay rate of $12.00 per hour. He continued to endorse paychecks at Defendants' direction, and to receive his pay at straight time in cash.

37. Plaintiff Flores was paid utilizing two parallel but distinct record-keeping systems. One showed check stubs reflecting 40 hours or less per week utilizing the rate of pay agreed upon between Flores and his employers, (i.e., Ex. "1", for the week ending 5/13/12). Although these records reflected the real rate of pay, they regularly understated the amounts of both hours and pay, presumably to be shown to the taxing authorities. The other set of records, which was simultaneously generated for the benefit of the Department of Labor but not generally shown to the employees, (i.e., Ex. "2", for the week ending 5/13/12).

These slips showed pay calculations at an artificial "straight time" rate for 40 hours, time and a half on that rate for the real number of overtime hours worked, meal credit deductions, and even showed spread of hours calculations. As can be readily observed, the "taxes" figure reflected on Ex. "2" was picked up from Ex. "1", and cannot possibly correspond to what legitimate payroll deductions would be on the amounts actually paid.

### *NAMED PLAINTIFF LUNA-DIAZ ALLEGATIONS*

38. Plaintiff Luna-Diaz was hired by the Defendants in or about 2004, and worked as a dishwasher up until 2009, when his job duties changed to primarily being a busboy. He continues to work for the Defendants to date.

39. Plaintiff Luna-Diaz duties did not entail the exercise of independent judgment or discretion.

40. Luna-Diaz worked for the Defendants at Kellogg's located at 514 Metropolitan Avenue, Brooklyn, New York 11211. From 2006 until sometime in 2009 plaintiff Luna-Diaz generally worked 5 days per week as a dishwasher from 8 PM through 8 PM, and earned $6.50 per hour for all hours worked, including all of those over 40 hours per week. If he worked additional days during any particular week during this period, he was compensated for all the additional time at $6.50 per hour.

41. In or about July 2009, Luna-Diaz began to work as a busboy 4 days per week, continuing to work as a dishwasher 1 day per week, all on the 6PM through 6AM shift. He

10

was paid $5.50 per hour for his busboy hours, and $7.25 for his dishwasher hours. This continued until approximately January of 2011, when he began to work 5 days per week as a busboy. Beginning in January, 2012, he worked 4 days per week as a busboy from 6 PM through 6 AM at a rate of $5.50 per hour; from July 15, 2012 to date, he has worked 5 days per week, 8AM through 6 PM on Wednesdays and Saturdays, 10PM through 6AM on Thursdays and Fridays, and from 6PM through 6AM on Sundays, all at the rate of $5.50 per hour.

42. Within the last several months, the Defendants began paying time and a half for the hours Luna-Diaz actually worked, but prior to that time, he was frequently directed to work off the clock. Prior to that time, he was never actually paid time and a half, nor was he actually paid spread of hours.

43. Plaintiff Luna-Diaz was paid purely in cash until the diner closed for renovation sometime in 2008. After that, he was directed to endorse a check each pay period, and was then given cash in an amount which did not correspond to the check. Within the last several months, he has been issued a check to endorse, and is then given cash in the amount which does correspond to the check.

44. No notification, either in the form of posted notices or otherwise, was ever provided to Plaintiffs regarding overtime and minimum wages as required under the FLSA and NYLL.

45.     The named Plaintiffs were injured by the Defendants' policies and practices mentioned herein, insofar as they never received the overtime pay required by law for work performed in excess of the forty-hour work week, nor did they receive the correct minimum wage or spread of hours pay.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

46.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

47.     The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiffs, and the other members of this collective action, the applicable minimum wage.

48.     All of the foregoing constituted willful and repeated violations, making the applicable statute of limitations three years pursuant to 29 U.S.C. § 255(a).

49.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

50. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

51. In violation of 29 U.S.C. §§ 207, 216(b) the Defendants have failed to pay Plaintiffs and other members of this Collective action overtime pay at premium rate of one and one half times their regular rates of pay.

52. The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

53. All of the foregoing constituted willful and repeated violations, making the applicable statute of limitations three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A THIRD CAUSE OF ACTION
### STATE MINIMUM WAGE ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

54. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

55. The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay plaintiffs the applicable minimum wage.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### **(OVERTIME)**

56. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

57. The Defendants herein knowingly, willfully and in bad faith violated Article 6 & 19 and the regulations promulgated thereunder, namely 12 NYCRR §142-2.2, by failing to pay Plaintiffs and their similarly situated Class Members overtime pay at premium rate of at least one and one half times their regular rates of pay.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### **(SPREAD-OF-HOURS & SPLIT-SHIFT PAY)**

58. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

59. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and its accompanying regulation 12 NYCRR § 142-2.4 by failing to pay Plaintiffs and the other similarly situated Class Members one hour's pay at minimum wage rate for each day during which the spread of hours exceeded 10 hours, or upon which they were required to work a split shift.

## ***PRAYER***

**WHEREFORE**, Plaintiffs, individually and on behalf of other persons similarly situated, pray for relief as follows:

    A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, employees up through and including the date of this Court's issuance of Court-supervised Notice, who worked as grill men, assistant cooks, dishwashers and/or busboys. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their duly earned minimum and/or overtime wages;

    B. That, pursuant to FLSA's statutory and regulatory scheme, this Court award unpaid overtime pay, and an additional equal amount in liquidated damages;

    C. That this Court declares that the Defendants' violation of FLSA's overtime provisions was knowing and willful;

    D. That this Court, pursuant to NYLL's statutory and regulatory scheme, award unpaid overtime pay and spread of hours pay;

    E. That this Court certify this case as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F. That, this Court designates Plaintiffs as Class representatives, and Counsel as Class counsel;

G. That this Court award reasonable attorneys fees and the costs of this action, together with pre-judgment interest and post-judgment interest;

H. Together with any further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
January 11, 2013

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

William Cafaro (WC2730)
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52688

To:

518 METROPOLITAN AVE. CORP.
d/b/a KELLOGG'S DINNER
514 Metropolitan Ave.,
Brooklyn, New York 11211

JOHN A. FIOTODIMITRAKIS
514 Metropolitan Ave.,
Brooklyn, New York 11211

ANTHONY F. FIOTODIMITRAKIS
514 Metropolitan Ave.,
Brooklyn, New York 11211

FRANK A. FIOTOS
514 Metropolitan Ave.,
Brooklyn, New York 11211

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN FLORES and JUAN LUNA-DIAZ,　　　　　　　Case No. _____
Individually and on Behalf of All Other Past and
Present Similarly Situated Employees,

　　　　　　　　　　Plaintiff(s),

　　　　-vs.-
518 METROPOLITAN AVE. CORP. d/b/a KELLOGG'S
DINNER, JOHN A. FIOTODIMITRAKIS,
ANTHONY F. FIOTODIMITRAKIS, FRANK A.
FIOTOS,
　　　　　　　　　　Defendant(s).
-----------------------------------------------------------------X

**FIRST AMENDED COMPLAINT (CLASS ACTION)**

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52688